35 So.2d 623

## COOK v. STATE.

### 7 Div. 951.

Court of Appeals of Alabama.

June 1, 1948.

Earl Montgomery, of Talladega, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

This appellant's jury trial on a Solicitor's complaint resulted in a verdict and judgment of guilty.

This appeal is on the record proper. That portion of the judgment sentencing the appellant "to 347 days hard labor for the County for costs of $259.70 and six months hard labor for the County, in addition thereto," is irregular in form, and imposes an excessive sentence.

The sentence to hard labor in event the costs are not paid, or judgment confessed, is in addition to the punishment imposed on conviction, and not vice versa as recited in the judgment.

 A sentence and judgment for payment of costs must set out the amount of costs, and the time required to work it out at the rate of 75¢ per day.

In no event can this sentence to hard labor for payment of costs exceed ten months.

The above principles have long been established by statute and judicial decisions. See Section 342, Title 15, Code of Alabama 1940, and cases annotated thereunder.

In other respects this record is regular. The cause should therefore be affirmed, but remanded for proper sentence. It is so ordered.

Affirmed but remanded.